Harmon v. Taylor.

ISAAC HARMON *v.* R. F. TAYLOR *et al.*, Road Commissioners.

1. ROAD COMMISSIONERS. *Power to control litigation in regard to roads.* Under the provisions of the act of 1881, as amended, which says, "the road commissioners shall have control of all highways and bridges in their respective districts," the commissioners have no power to control any litigation in regard to the opening of roads.

2. SAME. *Construction of the act of 1881 as amended.* The language of the act must be taken and construed in view of the purpose for which they were created, which was merely as subordinate agents, and the general supervision of the roads remains in the county court.

3. SAME. *Power of county court to exempt persons from working upon public roads.* The county court has authority to exempt persons from working upon the road, notwithstanding the act of 1881, which requires all persons to work on public roads unless released by the commissioners.

FROM HAMBLEN.

Appeal in error from the Circuit Court of Hamblen county. J. G. ROSE, J.

W. S. KYLE for Harmon.

McFARLAND & DICKSON for Taylor.

COOKE, J., delivered the opinion of the court.

Upon the petition of certain citizens to the road commissioners of the third road district of Hamblen county, they laid out and reported to the county court a public road over the lands of Harmon. Exceptions were filed to said report, which were disallowed and the report confirmed. The case was taken by appeal to the circuit court, where the action of the county court was sustained, and Harmon appealed to this court.

Pending the case in this court, a compromise of the matter was made and entered of record in the county court, by and between Harmon and said county court, by which it was ordered that said litigation in this court should be dismissed, said road over the lands of Harmon discontinued or abandoned, and that Hamblen county should pay the costs. A copy of said record has been filed in this court, and a motion to dismiss the case in accordance with its terms. This is resisted by said road commissioners upon the assumption that they and not the county court have exclusive jurisdiction and control of the public roads of the county. Under the provisions of the act of 1881, chapter 38, sections 1 and 14, and as amended by the act of 1882, chapter 18, section 8, under which these proceedings were instituted, we do not think this position is correct. The language of the first section of said act of 1882, it is true, is general in its terms, that "they (the road commissioners) shall have control of all highways and

bridges in their respective districts," but this language must be taken and construed in view of the purposes for which they were created, which was as mere subordinate agents in the conduct of the road system, the general supervision of which, by virtue of the general laws, etc., of its police powers, still remained in the county court, and although the litigation was nominally conducted in the name of said road commissioners, the county was the real party to the litigation, which speaks through the agency of the county court. By an express provision of said act, said commissioners are not to be liable for any costs, where they act in good faith.

In the case of *Willaford* v. *Pickle*, 13 Lea, 672, it was held that the county court has authority to exempt persons from working upon public roads, notwithstanding the provision of the fourth section of said act of 1881, "that all male inhabitants over eighteen and under fifty years of age, except such as are permanently disabled from performing common labor, *and are released by the commissioners, shall work,*" etc. This was held not to repeal, by implication, the previous statute (Code, section 1620), authorizing the county court to exempt certain persons from working on public roads, and which sustains the position here taken.

We therefore hold that the county court is the proper authority to control said litigation, and the cause must be dismissed in accordance with its order and agreement.